

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

INTERNATIONAL UNION OF
PAINTERS & ALLIED TRADES,
DISTRICT COUNCIL NO. 4, *et al.*,

        Plaintiffs,

v.

J.A.C. GLAZING, INC., AND JUSTIN
CURATALO,

        Defendants.

19-CV-1136 (JLS)

---

## DECISION AND ORDER

This is an action arising under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Dkt. 14. Plaintiffs[1] seek relief from Defendants J.A.C. Glazing, Inc. ("JAC") and Justin Curatalo, based on an alleged failure of Defendants to remit contributions to the respective Funds. Plaintiffs moved for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and seek to collect delinquent fringe benefit

---

[1] Plaintiffs are International Union of Painters & Allied Trades, District Council No. 4 ("Union"); the Trustees of the Painters District Council No. 4 Health & Welfare Fund ("Health Fund"); the Trustees of the Painters District Council No. 4 Finishing Trades Institute of Western and Central New York ("DC4 FTI"); and the Trustees of the Painters District Council No. 4 Labor Management Cooperative Initiative Trust Fund ("STAR Fund") (collectively, "Plaintiffs" and the "Funds").

contributions, deductions, interest, liquidated damages, attorneys' fees and costs, and injunctive relief. Dkts. 8, 21.[2]

Presently before the Court is Judge McCarthy's June 7, 2022 Report and Recommendation ("R&R") (Dk. 23) that Plaintiffs' motion for default judgment be granted. Judge McCarthy recommended that Plaintiffs be awarded:

(i) Related to the first claim of relief, $33,415.51 jointly against JAC and Curatalo, which includes $10,824.18 in delinquent contributions to the Health Fund and DC4 FTI, $8,256.88 in interest, and $14,334.45 in attorney's fees;

(ii) Related to the second claim for relief, $574.94 against JAC, which includes $391.60 in delinquent contributions to the STAR funds and $183.34 in interest;

(iii) Related to the third claim for relief, $32,947.16 against JAC, which includes $19,832.05 in delinquent benefit contributions to the IUPAT Funds, $9,148.70 in interest, and $3,966.41 in liquidated damages calculated at 20%;

---

[2] This is Plaintiffs' second motion for default judgment. After initially granting the first motion for default judgment, see Dkt. 10, this Court later vacated the default judgment due to a deficiency in the Complaint regarding the period covered by the referenced Collective Bargaining Agreement and the allegations of delinquency. See Dkt. 13. Plaintiffs were permitted to file an Amended Complaint (Dkt. 14), and soon after requested an entry of default and moved for default judgment. See Dkts. 18, 19, 21.

    (iv)    Related to the fourth claim for relief, $4,855.52 against JAC, which includes $3,315.28 in unremitted union membership dues, and $1,540.24 in interest.

*See* Dkt. 23, at 3-4, 11. Additionally, Judge McCarthy recommended the issuance of an injunction directing JAC to submit to, and fully cooperate with, an audit of its books and records for the period of May 1, 2014 through the date of the judgment. *Id.* at 10-11. However, Judge McCarthy recommended that Plaintiffs' request for delinquent contributions revealed by the audit, along with interest, attorney's fees, audit fees, and liquidated damages, be denied without prejudice to renewal. *Id.* Objections to the R&R were due by June 21, 2022, but no objections were filed.

    A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

    Although not required to do so, this Court nevertheless has reviewed the relevant record and Judge McCarthy's R&R for error. Finding none, this Court accepts and adopts Judge McCarthy's recommendations to grant the motion for default judgment and grant limited injunctive relief.

For the reasons stated above and in Judge McCarthy's R&R, Plaintiff's motion for a default judgment (Dkt. 21) is GRANTED. The Clerk of Court is direct to enter default judgment in the amount of $71,793.13 ($33,415.51 against JAC and Curatalo, jointly and severally, and $38,377.62 against JAC). Plaintiff's request for injunctive relief is GRANTED IN PART: JAC is hereby ordered to submit to, and fully cooperate with, an audit of its books and records for the period of May 1, 2014 through the date of the judgment. The remaining injunctive relief requested is DENIED, without prejudice to renewal following completion of the audit.

Plaintiffs are directed to file a status report with the Court no later September 9, 2022.

SO ORDERED.

Dated: July 11, 2022
Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE